**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ERIC CHRISTOPHER GENTRIS, SR.                    CIVIL ACTION

VERSUS                                            NO.  08-4045

WILLIAM/BILL O'CONNEL, ET AL.                    SECTION "I"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.     **Factual Summary**

Plaintiff, Eric Christopher Gentris, Sr., is currently incarcerated in the Madison Parish Detention Center in Tallulah, Louisiana.  Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983.  Plaintiff names as defendants, William O'Connel, Clay O'Connel, and Leroy Holiday, whom he claims are the owner, co-owner and

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

supervisor of the following prisons: LaSalle, Richwood and Catahoula Correctional Centers. Plaintiff claims that he was denied appropriate medical treatment at all of these facilities, including the Madison Parish Detention Center where he is currently incarcerated. Plaintiff requests monetary compensation and transfer to a DOC facility.

## II.    The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue is determined under Title 28 U.S.C. § 1391, also known as the general venue statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

Plaintiff is incarcerated in the Madison Parish Detention Center. Plaintiff complains that he is not currently receiving the medical treatment he needs. The events or omissions giving rise to plaintiff's claim occurred in Madison Parish, which is located within the territory of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). Plaintiff does not

allege any legal or factual basis to maintain venue in the Eastern District of Louisiana.  Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

## IV.    Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 4th day of _____ August _____, 2008.


**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

3